IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MLEA, INC., as successor in interest to Engineered Gas Systems, LLP and Main Line Engineering Associates, | : | CIVIL ACTION |
| Plaintiff, | : : : : | |
| v. | : | NO. |
| ATLANTIC RECYCLED RUBBER INC. | : | |
| and | : | |
| RECOVERY TECHNOLOGIES GROUP INC. | : | |
| and | : | |
| CASELLA WASTE SYSTEMS, INC., | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## **C O M P L A I N T**

### Nature of the Action

1. Plaintiff, MLEA, Inc., brings this diversity action against Defendants, Atlantic Recycled Rubber Inc., Recovery Technologies Group Inc. and Casella Waste Systems, Inc., to recover money damages and for such other relief as may be appropriate for Defendants' breach of their agreements with Plaintiff.

### The Parties

2. Plaintiff, MLEA, Inc., is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in Exton, Pennsylvania. MLEA, Inc. was incorporated on January 1, 2002. Before that time, MLEA, Inc. did business as Main Line Engineering Associates, a Pennsylvania partnership, and Engineered Gas Systems, a Pennsylvania Limited Liability partnership, with both partnerships having their

principal places of business at all relevant times in Malvern and/or Exton, Pennsylvania. As of January 1, 2002, Main Line Engineering Associates and Engineered Gas Systems became divisions of MLEA, Inc., and MLEA, Inc. succeeded to their interests.

       3.     Defendant, Atlantic Recycled Rubber Inc. ("Atlantic"), is a corporation organized and existing under the laws of Nova Scotia, Canada, with its principal place of business at 119 Mingo Road, Truro, Nova Scotia B2N 5B1. Atlantic is a wholly-owned subsidiary of Recovery Technologies Group Inc.

       4.     Defendant, Recovery Technologies Group Inc. ("Recovery Technologies"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 7000 Boulevard East, Guttenberg, New Jersey 07093. On information and belief, Recovery Technologies was a wholly-owned subsidiary of defendant Casella Waste Systems, Inc. ("Casella") until approximately mid-2001, when Casella sold a portion of Recovery Technologies' assets with Casella thereafter retaining a partial ownership interest either directly or through a subsidiary.

       5.     On information and belief, at all times relevant hereto, Recovery Technologies acted directly on its own behalf or by and through the acts and/or omissions of its wholly-owned subsidiary, Atlantic. On information and belief, at all times relevant hereto, Recovery Technologies controlled and/or directed the acts and/or omissions of its wholly-owned subsidiary, Atlantic.

       6.     Defendant, Casella Waste Systems, Inc., is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 25 Greens Hill Lane, Rutland, Vermont 05701. On information and belief, at all times relevant hereto, Defendants Atlantic and Recovery Technologies were acting on behalf of Casella.

### Jurisdiction and Venue

7. Jurisdiction is proper under 28 U.S.C. § 1332(a)(1), and (2), because the parties are corporate citizens of either different states or of a state and a foreign state, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper under 28 U.S.C. § 1391(a)(2).

### Facts

9. Plaintiff is a professional engineering company providing a range of engineering, design and drafting services to commercial, institutional, governmental and professional clients.

10. Defendants are owners and/or operators of a tire recycling facility located in Truro, Nova Scotia, Canada ("the Truro Facility").

11. On September 13, 2000, Recovery Technologies, then a division of KTI Recycling of Canada, Inc., issued a letter of intent to Messer Advanced Gas Systems, located in Malvern, Pennsylvania, pursuant to which Messer would design, build and install a turnkey liquid nitrogen plant for Defendants' Truro Facility. On information and belief, at the time that Recovery Technologies issued the letter of intent, KTI Recycling of Canada, Inc. was a wholly-owned subsidiary of Casella Waste Systems, Inc.

12. The Recovery Technologies letter of intent was in response to a September 13, 2000 offer by Messer to Recovery Technologies to design, build and install a turnkey liquid nitrogen plant at Defendants' Truro Facility for $4,917,000 (Canadian dollars).

13. In or about December 2000, Messer represented to Plaintiff that Messer had negotiated an agreement with Atlantic and/or Recovery Technologies, whereby Messer would design, build and install a turnkey liquid nitrogen plant for the Truro Facility.

14. Thereafter, also in or about December 2000, Atlantic issued three purchase orders to Messer for certain equipment to be purchased by Defendants from Messer and installed at the Truro Facility in an amount totaling approximately $453,000 (US dollars).

15. On or about January 15, 2001, Messer assigned to the Plaintiff Messer's Truro Facility agreement with Defendants, including the three purchase orders Atlantic issued as referenced above.

16. On or about January 19, 2001, Defendants expressly approved the assignment of Messer's Truro Facility agreement from Messer to the Plaintiff.

17. On or about January 18, 2001, Atlantic had directed Messer to deliver as soon as possible certain of the equipment covered by the aforementioned purchase orders to the Truro Facility.

18. Based upon Defendants' express and implied representations, and to meet Defendant's requirements to deliver equipment as soon as possible, Plaintiff undertook engineering design efforts and created plans, including foundation plans, and equipment specifications for the Truro Facility. Plaintiff's engineering design efforts and those plans and specifications have a value of approximately $250,000. Based upon Defendants' expressed and implied representations, Plaintiffs delivered the foregoing plans and specifications to the Defendants on or about September 10, 2001. Defendants have failed and refused to pay Plaintiff for the plans and specifications Plaintiff created for Defendants' Truro facility.

19. Based upon Defendants' expressed and implied representations, Plaintiff ordered numerous pieces of equipment from third party vendors for ultimate installation in the Defendants' Truro Facility, equipment totaling approximately $1,651,188.75. Defendants have

failed and refused to pay Plaintiff in part or in full for the equipment that Plaintiff ordered from third party vendors for Defendants' Truro Facility.

## COUNT I

### (Breach of Contract)

20.     Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 19 of this Complaint.

21.     The express and implied representations and the conduct of the parties created an agreement, whereby Plaintiff would (a) order equipment for Defendants' Truro Facility and (b) create plans and specifications for Defendants' Truro Facility, and Defendants would pay Plaintiff for that equipment and for those plans and specifications.

22.     Plaintiff has fully performed under the aforementioned agreement, but Defendant has failed to pay Plaintiff in full for the equipment and for the plans and specifications, thereby breaching that agreement.

23.     As a result of the foregoing breach by Defendants, Plaintiff has suffered damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment in its favor awarding Plaintiff direct, incidental and consequential damages, interest, attorneys' fees and costs, and such other and further relief as the Court may deem just and proper.

## COUNT II

### (Promissory Estoppel)

24.     Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 19 of this Complaint.

25.     Defendants' express and implied representations and conduct constituted promises to pay Plaintiff for (a) the equipment ordered by Plaintiff for the Defendants' Truro

Facility, and (b) the engineering services rendered by Plaintiff to Defendants that resulted in Plaintiff's creation of the plans and specifications that Plaintiff delivered to Defendants.

26. Defendants knew, or reasonably should have known, that their representations and conduct would induce Plaintiff to (a) order equipment from third party vendors for the Defendants' Truro Facility and (b) create plans and specifications for Defendants' Truro Facility.

27. Defendants knew, or reasonably should have known, that Plaintiff would rely on the foregoing representations by Defendants by (a) ordering equipment from third party vendors for the Defendants' Truro Facility and (b) creating plans and specifications for the Defendants' Truro Facility.

28. Plaintiff justifiably relied upon Defendants' representations by (a) ordering equipment from third party vendors for the Defendants' Truro facility and (b) creating plans and specifications for the Defendants' Truro Facility.

29. As a result of the foregoing reliance by Plaintiff, Plaintiff has suffered damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

30. Injustice can be avoided only by enforcing the Defendants' promises.

WHEREFORE, Plaintiff respectfully demands judgment in its favor awarding Plaintiff direct, incidental and consequential damages, interest, attorneys' fees and costs, and such other and further relief as the Court may deem just and proper.

## COUNT III

(Unjust Enrichment)

31. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 19 of this Complaint.

32. Defendants knew, or reasonably should have known, that Plaintiff would order equipment and create plans and specifications for Defendants' Truro Facility.

33. By ordering equipment and creating plans and specifications for Defendants' Truro Facility, Plaintiff conferred benefits on the Defendants.

34. By accepting delivery of certain equipment and the plans and specification for the Truro Facility, including foundation plans, and by failing to pay Plaintiff therefore, Defendants have been unjustly enriched, thereby making it unconscionable for Defendants to retain those benefits without compensating the Plaintiff.

35. As a result of the foregoing acts by the Defendants, Plaintiff has suffered damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment in its favor awarding Plaintiff direct, incidental and consequential damages, interest, attorneys' fees and costs, and such other and further relief as the Court may deem just and proper.

Philip J. Katauskas, Esquire
Attorney Ident. No. 26762
PEPPER HAMILTON LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA  19103-2799
(215) 981-4314
Attorneys for Plaintiff

Date:   July 2, 2002

| JS 44 (Rev. 3/99) | CIVIL COVER SHEET | APPENDIX B |
|---|---|---|

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
MLEA, INC., as successor in interest to Engineered Gas Systems, LLP and Main Line Engineering Associates

**DEFENDANTS**
Atlantic Recycled Rubber, Inc., Recovery Technologies Group, Inc. and Casella Waste Systems, Inc.

(b) County of Residence of First Listed Plaintiff  **Chester Co., PA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   **Nova Scotia Canada**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Philip J. Katauskas, Esquire
Pepper Hamilton LLP
3000 Two Logan Square, 18th & Arch Sts.
Philadelphia, PA 19103   215-981-4318

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** / **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act / ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | | ☐ 720 Labor/Mgmt. Relations / ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act / ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act / ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation / ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act / ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is a contract suit for professional services rendered and goods provided by plaintiff to defendants. Jurisdictions diversity, 28 USC 1332 (a)(1) and (2).

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** In excess of $150,000.00   CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT     APPENDIX C
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

```
MLEA, Inc. as successor in interest to
Engineered Gas Systems, LLP and           :    CIVIL ACTION
Main Line Engineering Associates          :
                  v.                      :
Atlantic Recycled Rubber, Inc.,           :
Recovery Technologies Group, Inc. and          NO.
Casella Waste Systems, Inc.
```

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. ( x )

July 2, 2002          Philip J. Katauskas, Esq. Date
Date                   Attorney-at-law

                                **Plaintiff**
                                Attorney for

(Civ. 660) 7/95

UNITED STATES DISTRICT COURT                                      APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **MLEA, Inc., 211 Welsh Pool Rd., Suite 120, Exton, PA**
Address of Defendant: **Atlantic Recycled Rubber, Inc., 119 Mingo Rd., Truro, Nova Scotia SBI; Recovery Technologies Group Inc., 7000 Blvd. East, Guttenberg, NJ 07; Casella Waste Systems, Inc., 25 Greens Hill Lane, Rutland, VT 05701**

Place of Accident, Incident or Transaction: **Malvern and Exton, Pennsylvania**
(Use Reverse Side For Additional Space)

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

RELATED CASE, IF ANY:

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
(Check appropriate Category)

I, **Philip J. Katauskas**, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: **July 2, 2002**   _____   **26762**
                          Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **7/2/2002**   _____   **26762**
                      Attorney-at-Law              Attorney I.D.#

CIV. 609 (9/99)

UNITED STATES DISTRICT COURT    APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: MLEA, Inc. 211 Welsh Pool Road., Suite 120, Eston, PA

Address of Defendant: Atlantic Recycled Rubber, Inc., 119 Mingo Rd., Truro, Novia Scotia ~~Recovery Technologies Group Inc., 700 Blvd. East, Guttenberg, NJ~~ Casella Waste Systems, Inc., 25 Greens Hill Lane, Rutland, VT 05701

Place of Accident, Incident or Transaction: Malvern adn Exton, Pennsylvania
(Use Reverse Side For Additional Space)

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. Diversity Jurisdiction Cases:
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
(Check appropriate Category)

I, Philip J. Katauskas, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: July 2, 2002    _____(signature)_____    26762
                        Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: July 2, 2002    _____(signature)_____    26762
                        Attorney-at-Law           Attorney I.D.#

CIV. 609 (9/99)