IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MLEA, INC., | : | |
| | : | CIVIL ACTION |
|       **Plaintiff,** | : | |
| | : | |
| v. | : | No. 02-CV-4393 |
| | : | |
| ATLANTIC RECYCLED RUBBER | : | |
|  INC., RECOVERY TECHNOLOGIES | : | |
| GROUP INC., AND CASELLA | : | |
| WASTE SYSTEMS, INC. | : | |
| | : | |
|       **Defendants.** | : | |

**DEFENDANT CASELLA WASTE SYSTEMS, INC.'S**
<u>**ANSWER TO COMPLAINT**</u>

Defendant Casella Waste Systems, Inc. ("Casella") hereby answers the complaint of plaintiff MLEA, Inc., and says as follows:

1.   The complaint is in writing and speaks for itself.

2.   Answering defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3.   Admitted.

4.   Admitted.

5.   The allegations of paragraph 5 constitute conclusions of law to which no response is required. To the extent that such allegations are deemed to be factual, answering defendant lacks knowledge or information sufficient to form a belief as to their truth.

6.   Admitted in part, denied in part. It is admitted that defendant Casella is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 25 Greens Hill Lane, Rutland, Vermont 05701. The remaining allegations of this paragraph are denied.

7. The allegations of paragraph 7 constitute conclusions of law to which no response is required.

8. The allegations of paragraph 8 constitute conclusions of law to which no response is required.

9. Answering defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10. Answering defendant denies that it is the owner and/or operator of a tire recycling facility located in Truro, Nova Scotia, Canada ("Truro facility"), but lacks knowledge or information sufficient to form a belief as to the truth of the allegations that the other defendants are the owners of the Truro facility.

11. Denied as stated. Answering defendant answers that KTI Recycling of Canada, Inc. was an indirectly owned subsidiary of Casella as of September 13, 2000. By way of further answer, answering defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11.

12. Answering defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. Answering defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13. By way of further answer, answering defendant denies that it was to purchase any equipment from Messer.

14. Answering defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14. By way of further answer, answering defendant denies that it was to purchase any equipment from Messer.

15. Answering defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15. By way of further answer, answering defendant denies that it had any agreement with Messer.

16. Answering defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16. By way of further answer, answering defendant denies that it approved the assignment of Messer's Truro Facility agreement from Messer to the Plaintiff.

17. Answering defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. The allegations of paragraph 18 constitute conclusions of law to which no response is required. To the extent that such allegations are deemed to be factual, answering defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations. By way of further answer, answering defendant denies that it made any express or implied representation to Plaintiff, imposed any requirements on Plaintiff, or that it had any obligation to make any payment to Plaintiff.

19. The allegations of paragraph 19 constitute conclusions of law to which no response is required. To the extent that such allegations are deemed to be factual, answering defendant lacks knowledge or information sufficient to form a belief as to the truth of said allegations. By way of further answer, answering defendant denies that it made any express or implied representations to Plaintiff, that it owned or operated the Truro facility, or that it had any obligation to pay Plaintiff for any equipment.

## **COUNT I**

## **(Breach of Contract)**

20.     Defendant Casella realleges and incorporates herein by reference its answers to the allegations set forth in paragraphs 1 through 19 as if fully set forth verbatim and at length.

21. - 23.     The allegations of paragraphs 21 through 23 constitute conclusions of law to which no response is required.  To the extent that such allegations are deemed to be factual, they are denied.

**WHEREFORE,** defendant Casella Waste Systems, Inc. requests that the Court dismiss the complaint and enter judgment in its favor and against plaintiff, together with costs and any further relief that the Court deems just and proper.

## **COUNT II**

## **(Promissory Estoppel)**

24.     Defendant Casella realleges and incorporates herein by reference its answers to the allegations set forth in paragraphs 1 through 23 as if fully set forth verbatim and at length.

25. - 30.     The allegations of paragraphs 25 through 30 constitute conclusions of law to which no response is required.  To the extent that such allegations are deemed to be factual, they are denied.

**WHEREFORE,** defendant Casella Waste Systems, Inc. requests that the Court dismiss the complaint and enter judgment in its favor and against plaintiff, together with costs and any further relief that the Court deems just and proper.

## **COUNT III**

## **(Unjust Enrichment)**

31.     Defendant Casella realleges and incorporates by reference its answers to the allegations set forth in paragraphs 1 through 30 as if fully set forth verbatim and at length.

32. - 35.   The allegations of paragraphs 32 through 35 constitute conclusions of law to which no response is required. To the extent that such allegations are deemed to be factual, they are denied.

**WHEREFORE,** defendant Casella Waste System, Inc. requests that the Court dismiss the complaint and enter judgment in its favor and against plaintiff, together with costs and any further relief that the Court deems just and proper.

## AFFIRMATIVE DEFENSES

36.   Plaintiff has failed to state a claim on which relief may be granted.

37.   Defendant Casella was not a party to any contract, either express or implied, between plaintiff and any defendant.

38.   Plaintiff's claims are barred in whole or in part by the applicable statute of limitations, laches, waiver and estoppel.

39.   Plaintiff's claims are barred in whole or in part by the applicable statute of frauds.

40.   Plaintiff has failed to mitigate its damages, if any.

41.   This Court lacks personal jurisdiction over Casella.

42.   Plaintiff's claims are barred to the extent that they are based on the theory that defendant Casella has succeeded to the liabilities of other entities because no succession to liability has occurred.

43.   Plaintiff is not entitled to equitable relief because it has unclean hands.

**WHEREFORE,** defendant Casella Waste Systems, Inc. requests that the Court dismiss the complaint and enter judgment in its favor and against plaintiff, together with costs and any further relief that the Court deems just and improper.

6

                                                            _____
Antoinette R. Stone, I.D. No. 23464
Brian J. McCormick, Jr., I.D. No. 81437
BUCHANAN INGERSOLL
PROFESSIONAL CORPORATION
Eleven Penn Center, 14th Floor
1835 Market Street
Philadelphia, PA 19103
(215)665-8700

Attorneys for Defendant Casella Waste Systems, Inc.

Dated: September 19, 2002

**CERTIFICATE OF SERVICE**

I, Brian J. McCormick, Jr., hereby certify that on September 19, 2002, I caused to be served a true and correct copy of the foregoing Answer to Complaint via first-class mail upon the following:

Philip J. Katauskas
Pepper Hamilton LLP
3000 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103-2799

Heather E. Rennie
Eckert Seamans Cherin & Mellott, LLC
1515 Market Street, Ninth Floor
Philadelphia, PA 19102

Brian J. McCormick, Jr.