IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MLEA, INC., as successor in interest to | : | CIVIL ACTION |
| Engineered Gas Systems, LLP and | : | |
| Main Line Engineering Associates | : | |
| | : | NO. 02 CV 4393 |
| Plaintiff, | : | |
| | : | The Honorable James McGirr Kelly |
| v. | : | |
| | : | |
| ATLANTIC RECYCLED RUBBER, INC. | : | |
| | : | |
| and | : | |
| | : | |
| RECOVERY TECHNOLOGIES | : | |
| GROUP, INC. | : | |
| | : | |
| and | : | |
| | : | |
| CASELLA WASTE SYSTEMS, INC. | : | |
| | : | |
| Defendants. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS RECOVERY
TECHNOLOGIES GROUP, INC. AND ATLANTIC RECYCLED RUBBER, INC. AND
COUNTERCLAIM OF RECOVERY TECHNOLOGIES GROUP, INC.**

Defendants Recovery Technologies Group, Inc. ("RTG") and Atlantic Recycled Rubber,

Inc. ("ARR" and collectively "Defendants"), by and through their counsel, Eckert Seamans

Cherin & Mellott, LLC, hereby respond to the Complaint of Plaintiff MLEA, Inc. ("Plaintiff"),

as follows:

1.   The allegations of Paragraph 1 of the Complaint seek to characterize the claims

asserted by Plaintiff in its Complaint.  Defendants state that the allegations of Paragraph 1 refer

to a written document, the Complaint, whose content speaks for itself.  To the extent the

allegations of Paragraph 1 are contrary to the allegations contained in the Complaint, Defendants

deny such allegations.  By way of further response, Defendants deny that they have breached any agreements with Plaintiff and further deny that they have caused Plaintiff any damages.

2.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore, such allegations are denied.

3.    Defendants admit the allegations of the first sentence of Paragraph 3 of the Complaint.  Defendants deny the remaining allegations of Paragraph 3.  By way of further response, Defendants admit that ARR is an indirect subsidiary of RTG.

4.    Defendants admit the allegations of Paragraph 4 of the Complaint.

5.    The allegations of Paragraph 5 of the Complaint are conclusions of law to which no response is required.  To the extent that such allegations are deemed to be factual, Defendants deny such allegations.

6.    Defendants admit the allegations contained in the first sentence of Paragraph 6 of the Complaint.  Defendants deny the remaining allegations of Paragraph 6.

7.    The allegations of Paragraph 7 of the Complaint are conclusions of law to which no response is required.

8.    The allegations of Paragraph 8 of the Complaint are conclusions of law to which no response is required.

9.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and therefore, such allegations are denied.

10. With respect to the allegations of Paragraph 10 of the Complaint, Defendants admit only that ARR owns and operates a tire recycling facility located in Truro, Nova Scotia, Canada (the "Truro facility").  Defendants deny the remaining allegations of Paragraph 10.  Answering further, Defendants deny that RTG owns or operates a tire recycling facility located in Truro, Nova Scotia, Canada.

11. With respect to the allegations of Paragraph 11 of the Complaint, Defendants admit only that as of September 13, 2000, KTI Recycling of Canada, Inc. was an indirectly owned subsidiary of Casella Waste Systems, Inc. ("Casella"). Defendants deny the remaining allegations of Paragraph 11.

12. With respect to the allegations of Paragraph 12 of the Complaint, Defendants admit only that Messer AGS, Inc. ("Messer") submitted a proposal to KTI Recycling of Canada, Inc. to design, build and install a liquid nitrogen plant at ARR's Truro facility for $4,917,000 (Canadian dollars). Defendants deny the remaining allegations of Paragraph 12. Answering further, Defendants deny that Messer's proposal was accepted.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and therefore, such allegations are denied. Answering further, Defendants deny that RTG or ARR had any agreement with Messer in December 2000 to design, build and install a liquid nitrogen plant at ARR's Truro facility.

14. With respect to the allegations of Paragraph 14 of the Complaint, Defendants admit that in December 2000, ARR issued three (3) temporary purchase orders to Messer for the purchase of certain equipment, that the purchase orders originally totaled $453,000 (U.S. dollars) and that the purchase price of such equipment was to be funded out of a lease, if lease terms could be agreed upon, or if lease terms could not be agreed upon, the equipment was to be returned to Messer for full credit. Defendants deny the remaining allegations of Paragraph 14. Answering further, Defendants deny that RTG was to purchase any equipment from Messer and deny that ARR failed to pay for any equipment that was delivered to it.

15. With respect to the allegations of Paragraph 15 of the Complaint, Defendants deny the allegation that Messer had any agreement with RTG or ARR to design, build and install a liquid nitrogen plant at ARR's Truro facility. Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 of the Complaint and therefore, such allegations are denied.

16. Defendants deny the allegations of Paragraph 16 of the Complaint. Answering further, Defendants deny the allegation that Messer had any agreement with RTG or ARR to design, build and install a liquid nitrogen plant at ARR's Truro facility.

17. With respect to the allegations of Paragraph 17 of the Complaint, Defendants admit that by letter dated January 18, 2001, ARR requested that the equipment included in purchase orders 715260 and 715261 be delivered as soon as possible. Defendants deny the remaining allegations of Paragraph 17. By way of further response, Defendants incorporate Paragraph 14 above, as if fully stated herein.

18. The allegations of Paragraph 18 of the Complaint are conclusions of law to which no response is required. To the extent that such allegations are deemed to be factual, Defendants deny the allegations of Paragraph 18 of the Complaint. Answering further, Defendants deny that they had any obligation to pay Plaintiff for any plans and specifications.

19. The allegations of Paragraph 19 of the Complaint are conclusions of law to which no response is required. To the extent that such allegations are deemed to be factual, Defendants deny the allegations of Paragraph 19 of the Complaint. By way of further response, Defendants incorporate Paragraphs 10-18 above, as if fully stated herein.

## COUNT I

### (Breach of Contract)

20. Defendants incorporate herein by reference the allegations of Paragraphs 1 through 19 above, as if fully stated herein.

21. The allegations of Paragraph 21 of the Complaint are conclusions of law to which no response is required. To the extent that such allegations are deemed to be factual, Defendants deny the allegations of Paragraph 21 of the Complaint.

22. The allegations of Paragraph 22 of the Complaint are conclusions of law to which no response is required. To the extent that such allegations are deemed to be factual, Defendants deny the allegations of Paragraph 22 of the Complaint.

23. The allegations of Paragraph 23 of the Complaint are conclusions of law to which no response is required. To the extent that such allegations are deemed to be factual, Defendants deny the allegations of Paragraph 23 of the Complaint.

WHEREFORE, Defendants Recovery Technologies Group, Inc. and Atlantic Recycled Rubber, Inc. request that judgment be entered in their favor on the Complaint and that they be awarded costs and such other relief as the Court deems appropriate.

## COUNT II

### (Promissory Estoppel)

24. Defendants incorporate herein by reference the allegations of Paragraphs 1 through 23 above, as if fully stated herein.

25. The allegations of Paragraph 25 of the Complaint are conclusions of law to which no response is required. To the extent that such allegations are deemed to be factual, Defendants deny the allegations of Paragraph 25 of the Complaint.

26. The allegations of Paragraph 26 of the Complaint are conclusions of law to which no response is required. To the extent that such allegations are deemed to be factual, Defendants deny the allegations of Paragraph 26 of the Complaint.

27. The allegations of Paragraph 27 of the Complaint are conclusions of law to which no response is required. To the extent that such allegations are deemed to be factual, Defendants deny the allegations of Paragraph 27 of the Complaint.

28. The allegations of Paragraph 28 of the Complaint are conclusions of law to which no response is required. To the extent that such allegations are deemed to be factual, Defendants deny the allegations of Paragraph 28 of the Complaint.

29. The allegations of Paragraph 29 of the Complaint are conclusions of law to which no response is required.  To the extent that such allegations are deemed to be factual, Defendants deny the allegations of Paragraph 29 of the Complaint.

30. The allegations of Paragraph 30 of the Complaint are conclusions of law to which no response is required.  To the extent that such allegations are deemed to be factual, Defendants deny the allegations of Paragraph 30 of the Complaint.

WHEREFORE, Defendants Recovery Technologies Group, Inc. and Atlantic Recycled Rubber, Inc. request that judgment be entered in their favor on the Complaint and that they be awarded costs and such other relief as the Court deems appropriate.

## COUNT III

### (Unjust Enrichment)

31. Defendants incorporate herein by reference the allegations of Paragraphs 1 through 30 above, as if fully stated herein.

32.  The allegations of Paragraph 32 of the Complaint are conclusions of law to which no response is required.  To the extent that such allegations are deemed to be factual, Defendants deny the allegations of Paragraph 32 of the Complaint.

33. The allegations of Paragraph 33 of the Complaint are conclusions of law to which no response is required.  To the extent that such allegations are deemed to be factual, Defendants deny the allegations of Paragraph 33 of the Complaint.

34. The allegations of Paragraph 34 of the Complaint are conclusions of law to which no response is required.  To the extent that such allegations are deemed to be factual, Defendants deny the allegations of Paragraph 34 of the Complaint.

35. The allegations of Paragraph 35 of the Complaint are conclusions of law to which no response is required.  To the extent that such allegations are deemed to be factual, Defendants deny the allegations of Paragraph 35 of the Complaint.

WHEREFORE, Defendants Recovery Technologies Group, Inc. and Atlantic Recycled Rubber, Inc. request that judgment be entered in their favor on the Complaint and that they be awarded costs and such other relief as the Court deems appropriate.

## AFFIRMATIVE DEFENSES

36. Plaintiff's Complaint and each claim contained therein fails to state a claim upon which relief can be granted.

37. Plaintiff's claims are barred or reduced to the extent plaintiff failed to mitigate its damages and/or seek to cover for its losses.

38. Plaintiff's claims are barred by the doctrines of estoppel, waiver and/or laches.

39. Plaintiff's claims are barred by the applicable statute of limitations.

40. Plaintiff's claims are barred by the doctrine of acceptance.

41. This Court lacks personal jurisdiction over Defendants.

42. Plaintiff's alleged damages were caused by the actions of third parties and/or by its own actions.

43. Plaintiff's claims are barred in whole or in part because Defendants paid Engineered Gas Systems, LLP for equipment delivered to it.

44. Plaintiff's claims are barred in whole or in part by the statute of frauds.

45. Defendants are entitled to have any recovery had by Plaintiff offset, set off or recouped by the amounts owed by Plaintiff to Defendants.

46. Defendants at all times relevant hereto acted in good faith with regard to its negotiations with Plaintiff or its predecessors in interest.

47. Plaintiff is not entitled to equitable relief because it has unclean hands.

48. Venue is improper in this Court.

49. Plaintiff has waived its right to a jury trial with regard to the claims set forth herein.

WHEREFORE, Defendants Recovery Technologies Group, Inc. and Atlantic Recycled Rubber, Inc. request that judgment be entered in their favor on the Complaint and that they be awarded costs and such other relief as the Court deems appropriate.

## COUNTERCLAIM OF DEFENDANT RECOVERY TECHNOLOGIES GROUP, INC.

Counterclaim plaintiff Recovery Technologies Group, Inc. ("RTG") counterclaims against counterclaim defendant MLEA, Inc. ("MLEA") as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) because the parties are corporate citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs and these claims arise out of the same case or controversy set forth in the Complaint.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c) in that a substantial part of the events or omissions giving rise to these claims occurred in this District and MLEA is subject to personal jurisdiction in this District.

### BACKGROUND

3.    On or about August 31, 2001 and September 7, 2001, Engineered Gas Systems, LLP ("EGS") executed two Promissory Notes in favor of RTG, pursuant to which EGS promised to pay RTG a total of $150,000 together with interest and costs.

4.    In addition, on or about August 31, 2001, EGS executed a Security Agreement in favor of RTG, pursuant to which EGS granted RTG a security interest in certain collateral, including the plans and specifications prepared by EGS relating to ARR's Truro facility.

5.    In consideration for the execution of the two (2) Promissory Notes and Security Agreement, RTG extended credit accommodations to EGS in the amount of $150,000.

6. The Promissory Notes are payable on demand.

7. Despite demand, EGS and/or MLEA have failed to pay RTG the $150,000, plus interest.

8. RTG has complied with all conditions of the Promissory Notes and Security Agreement.

9. Upon information and belief, based on the allegations of Paragraph 2 of the Complaint, MLEA is the successor in interest to and liable for the debts of EGS under the Promissory Notes.

## COUNT I

### (Breach of Contract)

10. RTG incorporates herein by reference the allegations of Paragraphs 3 through 9 of the Counterclaim, as if fully stated herein.

11. MLEA, as successor to EGS, has failed to pay RTG the $150,000, plus interest loaned by RTG, pursuant to the Promissory Notes.

12. As a result of the foregoing failure of MLEA to pay under the Promissory Notes, RTG has suffered damages in excess of one hundred and fifty thousand dollars ($150,000), exclusive of interest and costs.

WHEREFORE, Counterclaim Plaintiff Recovery Technologies Group, Inc. requests that judgment be entered in its favor on its Counterclaim against MLEA, Inc. awarding RTG damages in the amount of $150,000, plus interest, attorneys' fees and costs and such other relief as the Court deems appropriate.

ECKERT SEAMANS CHERIN
& MELLOTT, LLC

Dated:  September _____, 2002            By: _____

Heather E. Rennie
Attorney I.D. No. 69715
1515 Market Street, Ninth Floor
Philadelphia, PA  19102
215/851-8400

Attorney for Defendants Recovery
Technologies Group, Inc. and
Atlantic Recycled Rubber, Inc.

M0372095

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this _____ day of September, 2002 a true and correct copy of the

foregoing Answer and Affirmative Defenses of Defendants Recovery Technologies Group, Inc.

and Atlantic Recycled Rubber, Inc. and Counterclaim of Recovery Technologies Group, Inc. was

served via first class mail upon the following counsel of record:

> Philip J. Katauskas, Esquire
> Pepper Hamilton LLP
> 3000 Two Logan Square
> 18th and Arch Streets
> Philadelphia, PA  19103-2799
>
> Attorney for Plaintiff MLEA, Inc.

> Antoinette R. Stone, Esquire
> Brian J. McCormick, Jr., Esquire
> Buchanan Ingersoll, P.C.
> Eleven Penn Center
> 1835 Market Street, 14th Floor
> Philadelphia, PA  19103-2985
>
> Attorneys for Defendant Casella Waste Systems, Inc.

_____
Heather E. Rennie