IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MLEA, INC., as successor in interest to Engineered Gas Systems, LLP and Main Line Engineering Associates,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ATLANTIC RECYCLED RUBBER, INC.<br><br>　　and<br><br>RECOVERY TECHNOLOGIES GROUP, INC.<br><br>　　and<br><br>CASELLA WASTE SYSTEMS, INC.,<br><br>　　　　　　　　　　　Defendants. | CIVIL ACTION<br><br>NO. 02-CV-4393<br><br>The Honorable James McGirr Kelly<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S REPLY TO THE COUNTERCLAIM OF DEFENDANT RECOVERY TECHNOLOGIES GROUP, INC.

MLEA, Inc. ("MLEA") hereby replies to the Counterclaim of Defendant, Recovery Technologies Group, Inc. ("RTG"):

　　1.　　Admitted.

　　2.　　Admitted.

　　3.　　Denied, except admitted that EGS executed two Promissory Notes which are writings that speak for themselves. To the extent that paragraph 3 of the Counterclaim states conclusions of law, no response is required.

　　4.　　Denied, except admitted that EGS executed a Security Agreement, which is a writing that speaks for itself. By way of further reply, MLEA states that on or about

September 10, 2001, RTG accepted delivery of the plans and specifications securing the Promissory Notes and, thereafter, used those plans and specifications for the Truro Facility. RTG never paid MLEA or EGS for those plans and specifications, whose value exceeds the amount of RTG's Counterclaim. To the extent that paragraph 4 of the Counterclaim states conclusions of law, no response is required.

    5.    Denied, except admitted that the Promissory Notes and the Security Agreement are writings that speak for themselves. To the extent that paragraph 5 of the Counterclaim states conclusions of law, no response is required.

    6.    Denied, except admitted that the Promissory Notes are writings that speak for themselves. In addition, it is denied that RTG has ever made any demand. MLEA incorporates herein by reference its reply to paragraph 4 of the Counterclaim.

    7.    It is denied that RTG ever demanded payment of the Promissory Notes.

    8.    Paragraph 8 of the Counterclaim states conclusions of law as to which no response is required.

    9.    Admitted.

    10.    MLEA incorporates herein by reference its replies to the allegations of paragraphs 3 through 9 of the Counterclaim.

    11.    It is admitted that MLEA is the successor to EGS, but it is denied that MLEA has any obligation to pay RTG the amount claimed.

    12.    Paragraph 12 of the Counterclaim states conclusions of law as to which no response is required.

WHEREFORE, Plaintiff respectfully requests judgment in its favor on the Counterclaim and that Plaintiff be awarded costs and such other relief as the Court deems appropriate.

### AFFIRMATIVE DEFENSES

13. RTG's Counterclaim fails to state a claim upon which relief can be granted

14. RTG's Counterclaim is barred by the doctrine of estoppel, waiver and/or laches.

15. RTG's Counterclaim is barred by the doctrine of acceptance.

16. RTG's Counterclaim is barred, because on or about September 10, 2001, RTG accepted delivery of, and thereafter used, Plaintiff's plans, including foundation plans and equipment specifications for the Truro Facility. RTG never paid MLEA or EGS for those plans and specifications, whose value exceeds the amount of RTG's Counterclaim.

17. RTG is not entitled to equitable relief because it has unclean hands.

WHEREFORE, Plaintiff respectfully requests judgment in its favor on the Counterclaim and that Plaintiff be awarded costs and such other relief as the Court deems appropriate.

_____
Philip J. Katauskas, Esquire
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000
Attorney for Plaintiff

Date: October 14, 2002

## CERTIFICATE OF SERVICE

I, Philip J. Katauskas, hereby certify that on October 14, 2002 a true and correct copy of the foregoing Plaintiff's Reply To The Counterclaim Of Defendant Recovery Technologies Group, Inc. was served via first class mail upon the following:

>Heather E. Rennie, Esquire
>1515 Market Street, Ninth Floor
>Philadelphia, PA 19102
>215-851-8400
>Attorney for Defendants Recovery Technologies Group, Inc. and Atlantic Recycled Rubber, Inc.
>
>Brian J. McCormick, Jr., Esquire
>Buchanan Ingersoll, P.C.
>Eleven Penn Center
>1835 Market Street, 14th Floor
>Philadelphia, PA 19103-2985
>Attorneys for Defendant Casella Waste Systems, Inc.

_____
Philip J. Katauskas, Esquire