IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MLEA, INC., | : |
|       Plaintiff, | :   CIVIL ACTION |
| v. | :   No. 02-CV-4393 |
| ATLANTIC RECYCLED RUBBER, INC., RECOVERY TECHNOLOGIES GROUP, INC., AND CASELLA WASTE SYSTEMS, INC. | : |
|       Defendants. | : |

**PRAECIPE TO SUBSTITUTE A PAGE AND CERTAIN EXHIBITS
IN DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

TO THE CLERK:

Kindly substitute the attached page for page 28 of defendant Casella Waste Systems, Inc.'s Motion for Summary Judgment, or, Alternatively, for Partial Summary Judgment, which was filed on February 10, 2004, to correct an inadvertent typographical error.

Additionally, please substitute the attached exhibits - Exhibits "A" and "F" – for the exhibits provided on February 10, 2004, as three pages were inadvertently omitted from the file copy.

                                                                       Respectfully submitted,

Dated: December 2, 2004                               /s/ Brian J. McCormick, Jr.
                                                                 Antoinette R. Stone, I.D. No. 23464
                                                                 Brian J. McCormick, Jr., I.D. No. 81437
                                                                 BUCHANAN INGERSOLL PC
                                                                 1835 Market Street, 14th Floor
                                                                 Philadelphia, PA 19103
                                                                 (215) 665-8700

                                                               Attorneys for Defendant Casella Waste Systems, Inc.

or RTG regarding entering into agreements for amounts above the down payments in the purchase orders).[1]

It is clear here that there was no meeting of the minds as to the final price and terms of the purchase orders. The purchase orders contain full value for some items (PO no. 715258) and only down payments for other items (PO nos. 715260 and 715261). *See* Exhibit "I," Menendez Transcript, at 25, 29. If one were to calculate the amount listed on the purchase order as a down payment for MLEA's claimed damages it would show that the down payments listed on purchase order nos. 715260 and 715261 range from seven percent of the purchase price (membrane system) to 58% of the purchase price (electrical package/transformers). *Compare* Exhibit "P" *with* Exhibit "S." In addition, the EGS/MLEA invoice that corresponds to purchase order no. 715258 lists only the down payment amount as due and owing. *Compare* Exhibit "O" and "T" (purchase order states one price, and invoice states a different price).

It is clear that there was no complete, definite purchase price for the majority of the pieces of equipment listed on the three purchase orders at issue. Indeed, Mr. Timberlake's own letter indicates that the down payment amounts in the second purchase orders themselves do not contain any relation to the final, unknown purchase price. *See* Exhibit "X." Accordingly, since ARR only agreed to pay the down payment amounts, it could only be liable for $298,000, if anything.

## IV.   CONCLUSION

For all the foregoing reasons, defendant Casella Waste Systems, Inc., respectfully requests that the Court grant its motion for summary judgment, and dismiss the claims against Casella in their entirety. Alternatively, Casella requests that the Court grant its motion for partial

---

[1] Additionally, Mr. Timberlake told ARR that one of the largest items, the high-pressure membrane, was in stock, and only needed to be kept on "skids" at the manufacturer, and not ordered. *See* Exhibit "Y." *See also* Exhibit "F," Timberlake Transcript, at 138-39. Mr. Timberlake never told ARR that it was ordering a specially-manufactured item worth $475,000. In fact, Mr. Timberlake never informed ARR of the full purchase price amount before the purchase orders were created.

## CERTIFICATE OF SERVICE

I, Brian J. McCormick, Jr., herby certify that this document has been filed electronically and is available for viewing and downloading on the Electronic Case Filing System of the United States District Court for the Eastern District of Pennsylvania. I further certify that on December 2, 2004, I caused to be served a true and correct copy of Defendant Casella Waste Systems Inc.'s Praecipe to Substitute Page and Exhibits in Defendant's Motion for Summary Judgment via first-class mail upon the following:

> Philip J. Katauskas
> Pepper Hamilton LLP
> 3000 Two Logan Square
> 18th & Arch Streets
> Philadelphia, PA 19103-2799
>
> Heather E. Rennie
> Eckert Seamans Cherin & Mellott, LLC
> 1515 Market Street, Ninth Floor
> Philadelphia, PA 19102

/s/ Brian J. McCormick, Jr.
Brian J. McCormick, Jr.